Good morning, my name is Corey Hong and I represent petitioner Azalee Zarate. I have three issues relating to the mens rea element and the abuse element to explain why Mr. Zarate's offense is not an aggravated felony. First, on the mens rea, Rangel Perez held that the Utah statute is over broad to the generic definition because, quote, the government does not have to prove that the defendant knew the age of the victim, unquote. The government argues that Rangel Perez's holding applies not to the age of the victim, but to the defendant's knowledge of the prescribed sexual act at issue. This argument is contrary to the language I just quoted at Penn site 607. Rangel Perez made its holding, quoting to Utah Supreme Court's interpretation of that statute as having a strict liability element because, quote, the government does not have to prove that the defendant knew the age of the victim. Under Duane's Alvarez, Rangel Perez had to point to an actual example, the realistic probability of that over breath. It did so by citing to Martinez, the Utah Supreme Court, that explained that the statute's age element was met with strict liability and not knowledge. The government's claim, then, that Rangel Perez stands for applying knowledge to the sex element is contrary to the Tenth Circuit and the Utah authority. But also, the government's interpretation makes no sense. None of the prescribed sexual conduct under Utah's statute is criminal unless it's performed with conduct, unless the conduct is performed with a minor. The Utah statute criminalized specific unlawful activity, quote, not amounting to rape, unquote, that Utah defines in three subsections. A is sexual intercourse. B, acts involving particular body parts. And C, penetration. All of that activity is lawful if it occurs between adults. Only when an activity involves a minor does it become unlawful. So Rangel Perez's focus on knowledge goes to the element of age and not the element of- I thought the case said just the opposite, that the government did not have to prove that the defendant knew of the age of the victim. Correct. And so with the generic definition, the question is, does the knowledge element modify the element of age or the sexual activity? And because Martina said that it's a strict liability on the age element, that is the realistic probability to show that it is overbroad, which shows that the overbreath comes to the age element. Now second, the same defect in Rangel Perez that the government doesn't have to prove that the defendant knew the age of the victim applies to Wyoming. Under the least of the acts, an 18-year-old can be convicted under Wyoming's third degree sexual abuse of a minor statute for having consensual sex with someone he believed to be 15 when she in fact was 14. The age element in Wyoming's statute is strict liability. The boldly decision from the Wyoming Supreme Court affirms this by explaining that, quote, when the defendant's knowledge of the victim's age does not have to be proven in every case, it is not an element of the crime, unquote. The jury instructions also affirm that the age element, element six, under page 138 of the Wyoming criminal pattern jury instructions, doesn't have a mens rea, which boldly says is significant, especially when other elements in the jury instructions do. At page 140, for example, under element five of 23.16B, the jury instructed, quote, knowingly took immoral liberties. In Rangel Perez, the Utah's denial of the offense of mistake, a fact offense to the defendant convicted of the statute, makes that age element a strict liability element and thus overbroad to the generic definition. And third, if the court agrees with these issues, it can decide the case on that issue alone. However, as an additional ground of overbreadth, the generic definition of sexual abuse of a minor is lacking an abuse element. Esquivel-Quintana noted that it could be appropriate for the generic definition to have an abuse element to limit an aggravated felony only to predatory conduct. This limitation is important. Many sex crimes involving children target consensual conduct between teenagers or young adults. Under the lease of the acts, again, Wyoming statute would criminalize consensual sexual contact between a high school senior and a high school freshman or a college freshman and a high school sophomore. The states have codified these crimes to prevent teenage pregnancy and not target predatory conduct as criminalized elsewhere in the penal code. Well, to the extent you're relying on Esquivel, the Esquivel case, did not, Justice Thomas, in that opinion, specifically rely in defining the generic offense for sexual abuse of a minor on 18 U.S.C. 2243-D, which specifically says that the defendant need not know the age of the victim? Well, on that issue, Rangel Perez and the Supreme Court said that the BIA Rodriguez case is an advisory opinion and that there is no direct statute that Congress cross-referenced an aggravated felony. Absolutely. But I don't know that that's my question. My question is when the Supreme Court in Esquivel was defining the generic offense, independently of the Rodriguez case, didn't the Supreme Court specifically rely on 2241 and 2243-D, which specifically says that the defendant may be guilty of sexual abuse of a minor even though he does not know the age of the victim? Your Honor, I'm not familiar enough to answer that question. But I assume that the answer is yes. The question in Esquivel-Concantana was what is the minimum age of the victim. So it's discussion on those other issues or dicta to help it inform that decision. I think it's important when it looked at this, the Supreme Court said that this is not a comprehensive definition. And even after today, it did invite courts to, or the BIA itself, to even look at this. But I don't know that the Supreme Court did not even add an abuse element if it felt necessary. Okay. Let me ask you a follow-up question, if I might. Do you know of any federal case, any state case, any statute that defines sexual abuse of a minor with the gloss that the defendant would be guilty only if he or she knows the age of the victim? Yes, Your Honor. As discussed in the Rangel-Perez and the Estrada cases, it did a survey of the states and I could provide those actual citations and supplemental briefing if the court asks. But some states have these sex acts of B6 strict liability, some do not. That information is available in the supplemental briefing. I'm more than happy to provide that to you. All right. How many states require that? Again, Your Honor, I could provide supplemental briefing to get the exact numbers. But there is a split in how the courts decide that. Well, if there's a split, I mean, we typically would define a generic offense based on what is prevailing out there. And if there's a handful of states that have this requirement, and we have two federal statutes that specifically say that the defendant need not know the age of the victim, I don't know how we can define the generic offense. But I would say that the court would require the commonly understood crime of sexual abuse of a minor to require the defendant to incur guilt only if he knows the age of the victim. So, Your Honor, your question is not on the abuse element, but the age element, is that? Well, your abuse, it's both because your abuse argument subsumes the age of the victim, knowledge of the age of the victim. Well, not necessarily. On the abuse element, it would require the court to add to the generic definition, which it currently doesn't do. The court doesn't have to reach that decision at all. As to the age element, Rangel Perez is the authority, that knowledge, it's knowledge of the prescribed sexual act. And there is ambiguity about whether the prescribed sexual act is in the minor or the actual sexual conduct. But under Duenas-Alvarez, Rangel Perez had to go to a realistic probability to show overbreath. The citation that it used was Martinez, which said it was the age element in the Utah statute that was strict liability and thus overbroad to the generic definition. Martinez did not discuss whether the defendant needs to know whether he's engaging in the sexual conduct, which is what the government argues. But again, Rangel Perez, if it's wrongly decided, then that's an en banc. And that's the nut of what you're arguing, is that Rangel Perez is wrongly decided, because when you peel the onion and get back to Martinez, it doesn't say what Rangel Perez thought it said. Is that what you're arguing? No, I'm arguing Rangel Perez is correct. That it's ambiguous, because it says knowingly prescribed act, but later in the decision at 607, it makes it clear that it's overbroad, because the government does not have to prove that the defendant knew the age of the victim. I believe that is the proper interpretation and holding of Rangel Perez. I believe Rangel Perez should hold, and to support that this goes to the age element, that it's cited to Martinez. So again, for clarification, I do assert that Rangel Perez is correctly decided, and there's no reason for the court to deviate from that. And in that respect, once that is settled, Wyoming is an easy match to that question. So I think the key issue for the court is what does Rangel Perez mean, and I do assert that under Duenas-Alvarez and Martinez and the citation in the case, that it's talking to an age of knowledge over the age of the victim. If there are no further questions, may I reserve my time? Thank you. May it please the court, Matthew George for the Attorney General. Turning to the knowledge requirement that Rangel Perez set out, Rangel Perez said explicitly that the defendant must knowingly commit the prescribed sex acts. It never connected the knowledge requirement to the knowledge of the age of the victim. And that's consistent with the federal statutes that Rangel Perez cited, as well as the federal statutes that the Supreme Court cited in Esquivel. Both of those statutes, as we point out in our brief, explicitly disclaimed the need of the government to prove that the defendant knew the victim's age. Now, the Ninth Circuit in Palaio Garcia, which is a case the court cited in Rangel, went further and there explicitly said that the fact that those federal statutes, 2243, 2241, explicitly disclaimed that knowledge requirement means that the knowledge requirement does not apply to knowledge of the age of the victim. That seems to be the logical reading of the federal statutes, which is what the court looked to in Rangel Perez. And looking at the underlying state statute in Rangel Perez, there was no knowledge requirement. That is correct. That's what the Utah Supreme Court said in Martinez. But the statute is simply different there than it is here. There, it was merely engaging in sexual intercourse, or the least conduct was engaging in sexual intercourse with the requisite age differential and age of the victim. And there, it was a strict liability crime. So there was no mens rea element with regard to the prescribed sex acts. In this case, there is a mens rea requirement for the prescribed sex acts. There is a specific intent that the touching occur with the intent to abuse, arouse, or gratify. So in terms of knowledge of the prescribed sex acts, that element is present here in the Wyoming statute. There was no knowledge element at all in the Utah statute at issue in Rangel. Sort of going on Judge Bakarek's question about the majority of states, the Martinez case cited in Rangel actually pointed out that the majority of state cases, at least at that time, did not require knowledge of the victim's age or the age differential. It pointed out that they were, the majority are, strict liability crimes. And so in terms of crafting a generic definition, the majority of states, at least at the time Martinez was decided, and this is what the court is relying on in Rangel, there was not this knowledge of the age of the victim requirement or age differential. And that also was at issue in Esquivel, where the Supreme Court again looked to the federal statutes as a guide for the generic definition. The statute at issue in Esquivel also did not have a knowledge element for the age of the victim or the age differential. And it was a strict liability crime. The Supreme Court had no issue with that. If that were something that were a concern or part of the generic definition, surely the Supreme Court would have said so in Esquivel. But like the court did in Rangel, it relied on the federal statutes as the source of the generic definition. That federal definition, those federal statutes, have merely a knowledge requirement for the prescribed sex acts. That element is present in this case. Therefore, it is categorically sexual abuse of a minor aggravated felony. Regarding the abuse element, almost the same analysis applies. That was an issue raised in Esquivel, whether the age differential was important, whether something else should come into play. The Supreme Court explicitly declined to address that issue in a strict liability case. Therefore, for the court to come along now and say that a larger age differential, a higher age of the defendant is necessary, or some other abuse element that's just going to be imported for the first time without bypassing the board, which is the primary interpreter of the statutory language and should have the first crack at deciding that generic definition. And I'm aware that Martinez is not a very satisfactory board decision in that it merely lays out a guide. It's like a different federal statute that has the same intent requirements that the federal statutes that the court in Rangel looked at. I know that's not very satisfying. I know we'd like more from the board. But the board is the one that gets the first crack at it. And to impose something in the generic definition and to completely bypass the board is inconsistent with other Supreme Court precedents, such as Ventura, such as Nguizi, and other Supreme Court cases that say the board, the agency, is the first, in the first instance, gets to decide these issues. Going to the intent requirement here, the state court cases that I've cited show that that intent, that specific intent of touching with the intent to arouse, to gratify, or to abuse is an element of the offense. The state court cases say merely touching someone with no intent is not enough. It requires that specific intent to be approved by the government as an element of the offense. That satisfies Rangel's definition of knowledge of the prescribed sex acts. I'd also like to say just a quick comment on the possible jurisdictional issue that we raised in our brief. I think that's basically now moot, given that the withholding-only proceedings are complete. I don't believe Petitioner filed a petition for review of those proceedings. And so there are the issues. Right. There's been a denial of asylum, right? Withholding and relief under the Convention Against Torture, yes, Your Honor. He would be not eligible for asylum. And has been deported? Yes, Your Honor, he has. So are you intending to withdraw your motion to dismiss? Yes, Your Honor. Really, it was more of a sort of conservation of resources, a practical thing, given that we are where we are now arguing this case. The aggravated felony issue really is the heart and soul of the case. Now those sort of collateral issues have fallen away, and it's really appropriate for now the court just to decide the case and decide the aggravated felony issue. And because it is categorically a sexual abuse of a minor aggravated felony, the court should deny the petition. Unless there are any other questions from the court. Thank you. Thank you. I have four quick points. First, in response to your question, Judge, quoting at 1571 of Esquivel, quote, Petitioner does not contend that the definition in 2243A must be imported wholesale into the INA, and we do not do so. One reason is that the INA does not cross-reference Section 2243A. So to your answer, then, any dicta on that question is truly dicta. Well, Justice Thomas said you don't import it wholesale. In other words, the definitions are not coextensive. But didn't the Supreme Court specifically say that one of the four factors that I'm going to take into account in determining what the generic offense is is what 2241A says? Yes, Your Honor. So I don't know that I would regard part of the rationale for holding as dicta. Well, what they focused on is that the victim has to be under 16 years, and then said everything else is still up for grabs. Second, on the point where the government said Rangel Perez never talks about the age, again, he never addressed the quote that I've read I think now three times at 607, quote, the government does not have to prove that the defendant knew the age of the victim, unquote. Rangel Perez cited to that, relied on that to say that it was overbroad to the generic definition it was creating in that case. Third, on the jury instructions, which is at page 138, element five, there is no element, no knowledge on whether sexual conduct is needed. And number six, there is no knowledge as to the victim's age. These jury instructions are quoted in the reply brief and attached as an addendum to the reply brief. Third, the government said that he's not exactly, I think the words that he used, he wasn't satisfactory, that this is the best definition, and he recommended deferring to the board. The problem is that this case is a farrow. One immigration officer made the determination, and he can only remove someone, someone who's been here for 20 years, if there is, quote, clear, convincing and unequivocal evidence. If there is uncertainty as to what the definition is, you cannot have one officer do this. He needs to come back to the United States, be put into regular proceedings, and let the BIA have an opportunity to determine this decision if this court deems that Rangel Perez did not adequately address it. If there are no further questions? I'm sorry, I have one. In terms of defining the abuse element on the generic offense, you say that because the statute here was four years, if we define the requirement to be more than four years for the generic offense, then there's a mismatch between the state statute and the generic description of that crime. Are there any states that require for sexual abuse of a minor an age disparity of more than four years? Yes, Your Honor. Have you defined those in either one of your briefs? Have you identified any of those statutes? No, but Your Honor, I am more than happy to provide a supplemental briefing within three days with the citations to all of these state statutes. Well, speaking for myself, you've had two cracks at it, and we're conducting oral argument, so I defer to my colleagues, but I'm certainly not asking you to supplement with new material. Well, and Your Honor, on the abuse element, again, the court need not reach it. It can resolve it on Rangel Perez alone. But if it does wish to write in an age element, abuse element, there are many ways to do that. The first is that it can just simply require abuse element, and in this statute, the Wyoming said abuse or sexual gratification. So it includes both consensual conduct and non-consensual conduct. So that is an easiest way to go about the abuse element. Another way that states use is to require the defendant to be over 21 years old to, again, to get out of the realm of high school and college relationships, but focus on the predatory conduct to make sure that the defendant is over 21. And the third is to write in a five-year age gap. Quintero Salazar, again, noted that the four-year gap captures the college, high school, and the high school relationships. Thank you very much. Okay. Thank you. Thank you. Thank you both. Thank you for your arguments this morning, and the case is submitted.